ACCEPTED
05-17-00879-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/27/2018 8:32 AM
LISA MATZ
CLERK

No. 05-17-00879-CV

# In the Court of Appeals
# for the Fifth District of Texas

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
3/27/2018 8:32:02 AM
LISA MATZ
Clerk

HINGA MBOGO, HINGA AUTOMOTIVE CO., d/b/a HINGA AUTO REPAIR, and 3516 ROSS AVENUE, DALLAS, TEXAS, *in rem*,

*Appellants*,

v.

CITY OF DALLAS, et al.,

*Appellees*.

## PRAECIPE TO OPENING BRIEF OF APPELLANTS

In their initial brief, Appellants mistakenly cite to the dissent in *City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 823 (1984). See Appellants' Br. 30-31. Although that citation is to the dissent in that case, the principle for which it was cited—that aesthetics is not a compelling government interest—has been routinely recognized by courts across the country, as is indicated in Appellants' brief.

We have corrected pages 30 and 31 of the Opening Brief, and hereby attach them as Attachment A to this praecipe and request that the Clerk of the Court

1

replace pages 30 and 31 of the *Opening Brief of Appellants*, filed on August 28, 2017, with the attached pages.

RESPECTFULLY SUBMITTED this 27th day of March, 2018.

**By:** /s/Arif Panju
    Arif Panju (TX Bar No. 24070380)
    INSTITUTE FOR JUSTICE
    816 Congress Ave. Suite 960
    Austin, TX 78701
    Tel: (512) 480-5936
    Fax: (512) 480-5937
    Email: apanju@ij.org

    William R. Maurer
    (WA Bar No. 25451)*
    INSTITUTE FOR JUSTICE
    600 University Street, Suite 1730
    Seattle, WA 98101
    Tel: (206) 957-1300
    Fax: (206) 957-1301
    Email: wmaurer@ij.org

Robert Gall (TX Bar No. 24101009)
INSTITUTE FOR JUSTICE
816 Congress Ave., Suite 960
Austin, TX 78701
Tel: (512) 480-5936
Fax: (512) 480-5937
Email: bgall@ij.org

Ari Bargil
(FL Bar No. 71454)*
INSTITUTE FOR JUSTICE
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
Email: abargil@ij.org

*Admitted Pro Hac Vice*

*Counsel for Appellants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2018, a true and correct copy of the foregoing *PRAECIPE TO OPENING BRIEF OF APPELLANTS* was filed with the Clerk of Court and served in compliance with Tex. R. App. P. 9.5(b)(1) via the courts electronic filing manager on the following counsel of record:

AMY I. MESSER
Texas State Bar No. 00790705

BARBARA ROSENBERG
Texas State Bar No. 17267700

MELISSA A. MILES
Texas State Bar No. 90001277

KRISTEN MONKHOUSE
Texas State Bar No. 24092853

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone: 214-670-3519
Fax: 214-670-0622
Email: amy.messer@dallascityhall.com;
barbara.rosenberg@dallascityhall.com; melissa.miles@dallascityhall.com;
kristen.monkhouse@dallascityhall.com

*Counsel for Appellees*

/s/ Arif Panju
Arif Panju (TX Bar No. 24070380)
INSTITUTE FOR JUSTICE

*Counsel for Appellants*

# ATTACHMENT A

### a.    The Nature of the Public Interest

In *Robinson*, the Texas Supreme Court held that the government's interest in a retroactive law is "evidenced by the Legislature's factual findings." *Id*.at 145. The City made *no* factual findings in the original ordinance that made auto-related uses illegal in 2005. The ordinance that the City alleges Hinga violated, Ordinance No. 29099, does contain "factual findings," but these findings only pertain to the fact that the City gave notice and held hearings on the ordinance. Thus, there are no factual findings that discuss the City's interest here. This alone is sufficient to reverse the district court here.

Nonetheless, one Texas appellate court has held that, regardless of *Robinson*'s holding, it is appropriate to examine the government's fact finding to determine whether the government possesses a compelling interest in a retroactive law. *Tex. Educ. Agency v. American YouthWorks, Inc.*, 496 S.W.3d 244, 264 n. 111 (Tex. App.—Austin 2016, pet. filed) (stating that legislative history and other additional facts may be considered in determining whether the government has a compelling interest). What legislative history does exist regarding these ordinances undisputedly demonstrates that the City drove auto related businesses from Ross Avenue to create "urban character" and "upgrade the aesthetic quality of the area" through redevelopment. Promoting aesthetics or physical appearance is not a compelling governmental interest. *Neighborhood Enters., Inc. v. City of St. Louis*,

644 F.3d 728, 738 (8th Cir. 2011); *Solantic, LLC v. City of Neptune Beach*, 410

F.3d 1250, 1267 (11th Cir. 2005); *XXL of Ohio, Inc. v. City of Broadview Heights*,

341 F.Supp.2d 765, 789-90 (N.D. Ohio 2004); *Whitton v. City of Gladstone*, 832

F.Supp. 1329, 1335 (W.D. Mo. 1993).

But there is not just an absence of a compelling justification here. The

people of this state have also clearly stated that they do not consider violating the

property rights of one private party to benefit another private party to be legitimate.

In 2009, the people amended article I, § 17 of the Texas Constitution to explicitly

prohibit the taking, damaging, or destroying of private property for anyone but the

government or the public. The 2009 amendments specifically stated as well that

"public use" does "not include the taking of property … for transfer to a private

entity for the primary purpose of economic development or enhancement of tax

revenues." Tex. Const. art. I, § 17 (b). This provision started as a legislatively-

referred constitutional amendment that passed out of both houses of the Texas

Legislature with only one "nay" vote. H.J.R. No. 14 (Tex. 2009). The people

passed the amendment by 81% in favor to 19% opposed. *See*

https://ballotpedia.org/Texas_Eminent_Domain,_Proposition_11_(2009).

Thus, not only is promoting aesthetics is not a compelling governmental

interest, but Texans have affirmatively (and overwhelmingly) restricted the ability

31